By the Court, Cowen, J.
The two first counts set out a contract, and the two last were in fact founded on the contract implied by law between bailor and bailee. It is true that the bailor who sues his bailee for not fulfilling such implied contract, may, in form, overlook it, and at his election resort to case or trover according to the nature of his injury. Yet I hardly think the mere form of the action *226 should be allowed to govern the right of imprisonment. The statute, (1 JR. S. 807, 2d ed., § 1,) forbids imprisonment by execution in a suit to recover “ damages for the non-performance of any contract.” The defendant, Treat, has been imprisoned in a case clearly within these words. It seems to me that the statute was intended to reach all those cases wherein the plaintiff may in fact have given credit to the defendant, except such as are mentioned in the second section. He cannot by electing to sue in case or trover, change the truth; and it is in this that the privilege of the defendant consists. The law will not allow that to be done indirectly, which it forbids to be done directly. Bailment to an infant, presents a similar instance. The action being directly for his negligence, will not oust him of his defence, though calling for a plea of not guilty. It may be different in both cases where the gist of the action is tort, and the plaintiff elects to bring assumpsit. The answer may then be, “ you have a right to elect against yourself, though not against me.”
The motion must be granted, with costs, on the defendant (Treat) stipulating not to bring an action for false imprisonment.
Rule accordingly.
*227 CASES ARGUED AND DETERMINED IN THE © w ip.ib mm m © © w ib if OF THE STATE OF N E W-Y O R K, IN MAT TERM, 1841.